**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

**THE SAMUEL LAW FIRM**
Michael Samuel (MS 7997)
1441 Broadway
Suite 6085
New York, New York 10018
(212) 563-9884
michael@thesamuellawfirm.com

*Attorneys for Plaintiff*

| | |
|---|---|
| Sheny Avila Aleno,<br><br>                     *Plaintiff*,<br><br>       - *vs.* –<br><br>Uncle Giuseppe's Melville, Inc.<br>d/b/a Uncle Giuseppe's Marketplace,<br>Peter Doe and Francisco Doe,<br><br>                *Defendants*. | DOCKET NO. 2:24-cv-08611<br><br><br>**COMPLAINT** |

Plaintiff Sheny Avila Aleno, by and through her undersigned attorneys, for her complaint against defendants Uncle Giuseppe's Melville, Inc. d/b/a Uncle Giuseppe's Marketplace, Peter Doe and Francisco Doe, alleges as follows:

<u>**NATURE OF THE ACTION**</u>

1. Plaintiff Sheny Avila Aleno hereinafter referred to as "Plaintiff" or "Ms. Aleno"), former employer of defendants Uncle Giuseppe's Melville, Inc. d/b/a Uncle Giuseppe's Marketplace, Peter Doe and Francisco Doe (hereinafter collectively referred to as "Defendants"), alleges under 29 U.S.C. § 216(b), that she is entitled to recover from Defendants, jointly and severally: (i) unpaid wages for overtime work for which Plaintiff did not receive overtime premium pay as required by

2

law, and (ii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 et seq., because the Defendants' violations were willful and lacked a good faith basis.

2.    Plaintiff further complains that she is entitled to recover from Defendants: (i) back wages for overtime work for which Defendants willfully failed to pay overtime premium pay, as required by the New York Labor Law §§ 650 et seq. ("NYLL") and the supporting New York State Department of Labor regulations; (ii) liquidated damages pursuant to the NYLL for these violations; and (iii) statutory damages for the Defendants' violation of the Wage Theft Prevention Act.

## THE PARTIES

3.    Plaintiff Sheny Avila Aleno is an adult individual residing in Bronx, New York.

4.    Plaintiff consents in writing to be a party to this action pursuant to 29 U.S.C. § 216(b).

5.    At all times relevant herein, defendant Uncle Giuseppe's Melville, Inc. d/b/a Uncle Giuseppe's Marketplace, has been a domestic business corporation organized under the law of the State of New York with a principal place of business at 225 Old country Road, North Building, Suite #2, Melville, NY 11747.

6.    At all times relevant herein, defendant Uncle Giuseppe's Melville, Inc. d/b/a Uncle Giuseppe's Marketplace has been and continued to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

7. Upon information and belief, at all relevant times, defendant Uncle Giuseppe's Melville, Inc. d/b/a Uncle Giuseppe's Marketplace, has had gross revenues in excess of $500,000.00.

8. Upon information and belief, at all relevant times herein, defendant Uncle Giuseppe's Melville, Inc. d/b/a Uncle Giuseppe's Marketplace has used goods and materials produced in interstate commerce and has employed at least two individuals who handled such goods and materials.

9. At all times relevant herein, defendants Peter Doe and Francisco Doe, have been the owners or part owners and principals of Uncle Giuseppe's Melville, Inc. d/b/a Uncle Giuseppe's Marketplace, who have had the power to hire and fire employees, set wages and schedules, and maintain their records, including Plaintiff.

10. At all times relevant herein, defendants Peter Doe and Francisco Doe, have been involved in the day-to-day operations of Uncle Giuseppe's Melville, Inc. d/b/a Uncle Giuseppe's Marketplace, and have played an active role in managing its business, including managing and supervising Plaintiff.

11. At all relevant times herein, Defendants each constituted an "employer" of Plaintiff as that term is used in the Fair Labor Standards Act and New York Labor Law.

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367. In addition,

the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

13.    Venue is proper in this district pursuant to 28 U.S.C. § 1391 as a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, and the Defendants' business is located in this judicial district.

## FACTS

14.    At all relevant times herein, defendants Uncle Giuseppe's Melville, Inc. d/b/a Uncle Giuseppe's Marketplace, Peter Doe and Francisco Doe, owned and operated a supermarket at 890 Walt Whitman Road Melville, NY, 11747, under the name Uncle Giuseppe's Marketplace.

15.    Plaintiff was employed by Defendants at Uncle Giuseppe's Marketplace from approximately August 2017 to December 31, 2024, with the duties that included packing chicken and meatballs.

16.    At all relevant times herein, Plaintiff's work at Uncle Giuseppe's Marketplace was performed in the normal course of the Defendant's business, was integrated into their business, and did not involve executive or administrative responsibilities.

17.    At all relevant times herein, during her employment with Defendants, Plaintiff was an employee engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

18.    During her employment with Defendants, Plaintiff's work schedule varied throughout the year as follows. From January 1 to May 1, Plaintiff was typically working 40 hours per week. From May 1 to December

31, Plaintiff worked a regular schedule of six days per week, on Sunday, Monday, Tuesday, Wednesday, Friday and Saturday, from 6:00 a.m. till 3:00 p.m., with Thursday off.

19. Consequently, throughout her employment with Defendants, from May 1 to December 31, Plaintiff was typically working 54 hours per week.

20. During her employment at Uncle Giuseppe's Marketplace, Plaintiff was paid by Defendants by checks, at the rate of $16 per hour from 2017 to 2023, and at the rate of $17 per hour on 2024.

21. Throughout her employment at Uncle Giuseppe's Marketplace, from May 1 to December 31, Plaintiff worked 14 overtime hours each workweek but was compensated for these hours only on several occasions.

22. As a result, defendants failed to pay Plaintiff overtime compensation for almost all hours she worked beyond 40 hours in a workweek, in violation of the FLSA, the New York Labor Law, and the supporting New York State Department of Labor regulations.

23. Defendants' failure to pay Plaintiff the overtime bonus for almost all additional overtime hours she worked was willful and lacked a good faith basis.

24. Throughout her employment by Defendants, Plaintiff received no accurate and sufficient pay stubs or wage statements of any sort with her pay.

25. Defendants failed to provide Plaintiff with a written notice providing the information required by the Wage Theft Prevention Act - including, inter alia, the Defendants' contact information, the regular and overtime rates, and intended allowances claimed - and failed to

obtain Plaintiff's signature acknowledging the same, upon Plaintiff's hiring or at any time thereafter, in violation of the Wage Theft Prevention Act in effect at the time.

26. Defendants failed to provide Plaintiff with weekly accurate and sufficient records of her compensation and hours worked, in violation of the Wage Theft Prevention Act.

27. Upon information and belief, throughout Plaintiff's employment by Defendants, Defendants failed to maintain accurate and sufficient time records or provide accurate records to her.

28. Upon information and belief, throughout Plaintiff's employment by Defendants, Defendants failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA or New York Labor Law.

<u>**COUNT I**</u>
<u>**(Fair Labor Standards Act - Overtime)**</u>

29. Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

30. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

31. At all relevant times, Defendants failed to pay Plaintiff overtime compensation for almost all hours she worked in excess of forty hours per workweek.

32. As a result of the Defendants' willful failure to compensate Plaintiff at a rate at least one-and-one-half times the regular rate of pay for almost all hours of work performed in excess of forty hours per

workweek, Defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

33. The foregoing conduct, as alleged, constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a) and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

34. Due to the Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants her unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. §216(b).

**COUNT II**
**(New York Labor Law – Overtime)**

35. Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

36. At all relevant times, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

37. Defendants willfully violated Plaintiff's rights by failing to pay her overtime compensation at rates at least one-and-one-half times the regular rate of pay for almost all hours worked in excess of forty hours per workweek in violation of the New York Labor Law §§ 650 et seq. and its supporting regulations.

38. Defendants' failure to pay Plaintiff overtime compensation was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

39. Due to the Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants her unpaid overtime compensation,

liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT III
## (New York Labor Law – Wage Theft Prevention Act)

40.     Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

41.     At all relevant times herein, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

42.     Defendants willfully violated Plaintiff's rights by failing to provide her with the accurate and sufficient wage notices required by the Wage Theft Prevention Act when she was hired, or at any time thereafter, causing harm to Plaintiff by preventing her from receiving her lawfully owed compensation including overtime premium.

43.     Defendants willfully violated Plaintiff's rights by failing to provide her with the accurate and sufficient weekly wage statements required by the Wage Theft Prevention Act at any time during her employment, causing harm to Plaintiff by preventing her from receiving her lawfully owed compensation including overtime premium.

44.     Due to the Defendants' New York Labor Law violations relating to the failure to provide Plaintiff with the accurate and sufficient paystubs, Plaintiff is entitled to recover from Defendants statutory damages of $250 per day, for each day of her employment by Defendants, up to the maximum statutory damages.

45.     Due to the Defendants' New York Labor Law violations relating

to the failure to provide Plaintiff with the accurate and sufficient wage notices, Plaintiff is entitled to recover from Defendants statutory damages of $50 per day for each day of her employment by Defendants, up to the maximum statutory damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

c. A compensatory award of unpaid compensation, at the statutory overtime rate, due under the FLSA and the New York Labor Law;

d. An award of liquidated damages as a result of the Defendants' willful failure to pay Plaintiff the overtime compensation pursuant to 29 U.S.C. § 216;

e. Liquidated damages for the Defendants' New York Labor Law violations;

f. Statutory damages for the Defendants' violation of the New York Wage Theft Prevention Act;

g.  Back pay;

h.  Punitive damages;

1.  An award of prejudgment and postjudgment interest;

m.  An award of costs and expenses of this action together with
    reasonable attorneys' and expert fees; and

n.  Such other, further, and different relief as this Court
    deems just and proper.


Dated: December 17, 2024

                                        */s/ Michael Samuel*
                                        Michael Samuel (MS 7997)
                                        THE SAMUEL LAW FIRM
                                        1441 Broadway - Suite 6085
                                        New York, New York 10018
                                        (212) 563-9884
                                        *Attorneys for Plaintiff*