UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

SHENY AVILA ALENO,

                 *Plaintiff*,

            -against-

UNCLE GIUSEPPE'S MELVILLE, INC.
D/B/A UNCLE GIUSEPPE'S
MARKETPLACE, PETER DOE AND
FRANCISCO DOE,

                 *Defendants*.

Civil Case No.: 1:24-cv-8611

-------------------------------------------------------------------X

## **DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**

Defendants Uncle Giuseppe's Melville, Inc. d/b/a Uncle Giuseppe's Marketplace ("Uncle Giuseppe's"), Peter Doe and Francisco Doe (collectively "Defendants"), by and through their undersigned counsel, hereby respond to the allegations in Plaintiff's Complaint (the "Complaint"), as follows:

### **AS TO "NATURE OF ACTION"**

1. Defendants deny the allegations contained in paragraph 1 of the Complaint.

2. Defendants deny the allegations contained in paragraph 2 of the Complaint.

### **AS TO "PARTIES"**

3. Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 3 of the Complaint.

4. Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 4 of the Complaint.

5.   Defendants admit the allegations contained in paragraph 5 of the Complaint.

6.   Paragraph 6 of the Complaint contains conclusions of law as to which no response is required. To the extent a response may be required, Defendants deny each and every allegation set forth in paragraph 6 of the Complaint.

7.   Defendants deny the allegations contained in paragraph 7 of the Complaint.

8.   Defendants deny the allegations contained in paragraph 8 of the Complaint.

9.   Defendants deny the allegations contained in paragraph 9 of the Complaint.

10.   Defendants deny the allegations contained in paragraph 10 of the Complaint.

11.   Paragraph 11 of the Complaint contains conclusions of law as to which no response is required. To the extent a response may be required, Defendants deny each and every allegation set forth in paragraph 11 of the Complaint.

## AS TO "JURISDICTION AND VENUE"

12.   Defendants admit the Court generally has federal subject matter jurisdiction over Plaintiff's federal claims and has authority to exercise supplemental jurisdiction over Plaintiff's state law claims but deny any violation of law and deny the Court should exercise supplemental authority over the state law claims.

13.   Defendants admit venue is proper over Plaintiff's claims but deny any violation of law.

## AS TO "FACTS"

14.   Defendants deny the allegations contained in paragraph 14 of the Complaint.

15. Defendants deny the allegations contained in paragraph 15 of the Complaint, except to admit that Plaintiff worked at various times for Uncle Giuseppe's.

16. Defendants deny the allegations contained in paragraph 16 of the Complaint.

17. Paragraph 17 of the Complaint contains conclusions of law as to which no response is required. To the extent a response may be required, Defendants deny each and every allegation set forth in paragraph 17 of the Complaint.

18. Defendants deny the allegations contained in paragraph 18 of the Complaint, except to admit that Plaintiff worked at various times for Uncle Giuseppe's.

19. Defendants deny the allegations contained in paragraph 19 of the Complaint.

20. Defendants deny the allegations contained in paragraph 20 of the Complaint.

21. Defendants deny the allegations contained in paragraph 21 of the Complaint.

22. Defendants deny the allegations contained in paragraph 22 of the Complaint.

23. Defendants deny the allegations contained in paragraph 23 of the Complaint.

24. Defendants deny the allegations contained in paragraph 24 of the Complaint.

25. Defendants deny the allegations contained in paragraph 25 of the Complaint.

26. Defendants deny the allegations contained in paragraph 26 of the Complaint.

27. Defendants deny the allegations contained in paragraph 27 of the Complaint.

28. Defendants deny the allegations contained in paragraph 28 of the Complaint.

## AS TO "COUNT I

## FAIR LABOR STANDARDS ACT - OVERTIME"

29. Defendants repeat, reiterate, and reallege each and every response contained in paragraphs 1 through 28 above, as if fully stated herein at length, and deny each and every allegation not unequivocally admitted in this Answer.

30. Paragraph 30 of the Complaint contains conclusions of law as to which no response is required. To the extent a response may be required, Defendants deny each and every allegation set forth in paragraph 30 of the Complaint.

31. Defendants deny the allegations contained in paragraph 31 of the Complaint.

32. Defendants deny the allegations contained in paragraph 32 of the Complaint.

33. Paragraph 33 of the Complaint contains conclusions of law as to which no response is required. To the extent a response may be required, Defendants deny each and every allegation set forth in paragraph 33 of the Complaint.

34. Defendants deny the allegations contained in paragraph 34 of the Complaint.

## AS TO "COUNT II

## NEW YORK LABOR LAW - OVERTIME"

35. Defendants repeat, reiterate, and reallege each and every response contained in paragraphs 1 through 34 above, as if fully stated herein at length, and deny each and every allegation not unequivocally admitted in this Answer.

36. Paragraph 36 of the Complaint contains conclusions of law as to which no response is required. To the extent a response may be required, Defendants deny each and every allegation set forth in paragraph 36 of the Complaint.

37. Paragraph 37 of the Complaint contains conclusions of law as to which no response is required. To the extent a response may be required, Defendants deny each and every allegation set forth in paragraph 37 of the Complaint.

38. Paragraph 38 of the Complaint contains conclusions of law as to which no response is required. To the extent a response may be required, Defendants deny each and every allegation set forth in paragraph 38 of the Complaint.

39. Defendants deny the allegations contained in paragraph 39 of the Complaint.

## AS TO "COUNT III

## (NEW YORK LABOR LAW – WAGE THEFT PREVENTION ACT)"

40. Defendants repeat, reiterate, and reallege each and every response contained in paragraphs 1 through 39 above, as if fully stated herein at length, and deny each and every allegation not unequivocally admitted in this Answer.

41. Paragraph 41 of the Complaint contains conclusions of law as to which no response is required. To the extent a response may be required, Defendants deny each and every allegation set forth in paragraph 41 of the Complaint.

42. Paragraph 42 of the Complaint contains conclusions of law as to which no response is required. To the extent a response may be required, Defendants deny each and every allegation set forth in paragraph 42 of the Complaint.

43. Paragraph 43 of the Complaint contains conclusions of law as to which no response is required. To the extent a response may be required, Defendants deny each and every allegation set forth in paragraph 43 of the Complaint.

44. Defendants deny the allegations contained in paragraph 44 of the Complaint.

45. Defendants deny the allegations contained in paragraph 45 of the Complaint.

## AS TO "PRAYER FOR RELIEF"

Defendants deny the allegations contained in Plaintiffs' "Prayer for Relief" and all subsections thereto.

## ADDITIONAL AVERMENTS

Defendants deny all claims and allegations not unequivocally admitted herein.

## STATEMENT OF AFFIRMATIVE DEFENSES AND OTHER DEFENSES

Without assuming any burden of production or proof as to any of the following defenses where the law does not impose such burden on Defendants, Defendants assert the following defenses to Plaintiffs' Complaint:

## AS AND FOR A FIRST DEFENSE

The Complaint fails, in whole or in part, to state any cause of action upon which relief can be granted or for which the damages sought can be awarded.

## AS AND FOR A SECOND DEFENSE

The individual defendants are not an "employer" as defined by the FLSA and NYLL and are not liable to Plaintiffs for any alleged unpaid wages.

## AS AND FOR A THIRD DEFENSE

Plaintiff was compensated properly under all applicable wage and hour laws.

## AS AND FOR A FOURTH DEFENSE

Any violations of the FLSA were not willful, and therefore any claims must be measured against a two-year statute of limitations.

## AS AND FOR A FIFTH DEFENSE

Plaintiff's claims may be barred, in whole or in part, by the applicable limitations period.

## AS AND FOR A SIXTH DEFENSE

Plaintiff's claims may be barred, in whole or in part, by the *de minimis* doctrine.

## AS AND FOR SEVENTH DEFENSE

Plaintiff's claims may be barred, in whole or in part, to the extent such claims have been released, waived, discharged, and/or abandoned.

## AS AND FOR AN EIGHTH DEFENSE

Plaintiff's claims may be barred, in whole or in part, by the doctrines of laches, estoppel, waiver, unclean hands, and/or other equitable defenses.

## AS AND FOR A NINTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because any of Defendants' actions and practices were taken in compliance with and/or as required by the laws of the United States and/or

7

the State of New York which regulated Defendants and were taken in good faith and with reasonable grounds for believing that any alleged acts or omissions were not in violation of the law.

**AS AND FOR A TENTH DEFENSE**

Some or all of Plaintiff's claims are barred to the extent that Plaintiff is seeking compensation for time which is non-compensable and/or non-working hours.

**AS AND FOR AN ELEVENTH DEFENSE**

Plaintiff cannot state a claim for overtime pay under the FLSA or NYLL during any workweek in which Plaintiff worked fewer than forty (40) compensable hours.

**AS AND FOR A TWELFTH DEFENSE**

Plaintiff's claims should be barred or should be reduced, in whole or in part, by exclusions, exceptions, credits, recoupment or offsets permissible under the FLSA or NYLL.

**AS AND FOR AN THIRTEENTH DEFENSE**

Defendants are not subject to liability for any alleged failure to pay certain amounts of compensation purportedly owed under the FLSA or NYLL, and Plaintiff's claims are barred, in whole or in part, by, *inter alia*, the United States or New York State Department of Labor's written administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administration practices or enforcement policies.

**AS AND FOR A FOURTEENTH DEFENSE**

Plaintiff's claims pursuant to NYLL § 195 are barred because Defendants reasonably believed in good faith that they were not required to provide such notices and statements pursuant to the law.

8

## AS AND FOR A FIFTEENTH DEFENSE

Plaintiffs' Complaint fails to state a claim upon which either pre-judgment or post-judgment interest or fees may be awarded.

## AS AND FOR A SIXTEENTH DEFENSE

To the extent that discovery reveals that Plaintiff falsely reported alleged hours of work and there is no evidence that Defendants required the false reporting of such hours; or there is no evidence that Defendants encouraged Plaintiff to falsely report their hours of work; or that there is no evidence that Defendants knew or should have known that Plaintiff was providing false information as to their hours of work, Defendants hereby invoke the doctrines of estoppel and avoidable consequences to bar the claims asserted by Plaintiff. *Brumbelow v. Quality Mills, Inc.*, 462 F.2d 1324, 1327 (5th Cir. 1972).

## AS AND FOR SEVENTEENTH DEFENSE

Plaintiff was provided wage notices and statements required by New York Labor Law 195, and even if Plaintiff's notice and/or statement was not in the form or format required by that section, Plaintiff's claims are barred because Defendants made complete and timely payment of all wages due to Plaintiff under the New York Labor Law. N.Y. Labor Law § 198(1-b), (1-d).

## AS AND FOR A EIGHTEENTH DEFENSE

To the extent Plaintiffs seek equitable relief, they are not entitled to any insofar as there is an adequate remedy at law.

## AS AND FOR A NINETEENTH DEFENSE

Plaintiff was not deprived of any payment of wages to which he was legally entitled, and there are no unpaid wages for Plaintiff to recover.

<strong><u>AS AND FOR AN TWENTIETH DEFENSE</u></strong>

Plaintiff' claims are barred, in whole or in part, because Defendants made complete and timely payment of all wages due to Plaintiff.

<strong><u>AS AND FOR A TWENTY-FIRST DEFENSE</u></strong>

An award of liquidated damages under the FLSA or NYLL is inequitable because Defendants acted in good faith.

<strong><u>AS AND FOR A TWENTY-FIRST DEFENSE</u></strong>

Plaintiff lacks Constitutional standing to pursue his Wage Theft Prevention Act claims.

**<u>RESERVATION OF RIGHT TO SUPPLEMENT AFFIRMATIVE DEFENSES</u>**

Defendants reserve the right to supplement these Affirmative Defenses as additional information becomes known through the course of discovery in this action or otherwise.

*     *     *     *     *

**WHEREFORE**, Defendants respectfully request that the Court:

(a) Dismiss Plaintiff's Complaint in its entirety, with prejudice;

(b) Deny each and every demand, claim and prayer for relief contained in Plaintiff's Complaint;

(c) Award Defendants reasonable attorneys' fees and costs incurred in defending against this action; and

(d) Grant such other and further relief as the Court deems just and proper.

Dated: Melville, New York
February 24, 2025

Respectfully submitted,

Jackson Lewis P.C.
*Attorneys for Defendants*
58 South Service Road, Ste. 250
Melville, New York 11747
(631) 247-0404

By: */s/ Brian J. Shenker* _____
Brian J. Shenker, Esq.

TO: All counsel of record (via ECF)

4860-6322-0214, v. 1

11