# THE SAMUEL LAW FIRM

### ATTORNEYS AT LAW

1441 BROADWAY – SUITE 6085, NEW YORK, NY 10018

PHONE: (212) 563-9884 | FAX: (212) 563-9870 | WEBSITE: www.thesamuellawfirm.com

<table>
<tr><td><strong>MICHAEL SAMUEL</strong><br>michael@thesamuellawfirm.com</td><td>April 24, 2026</td><td>ADMITTED IN<br>NY</td></tr>
</table>

<u>**Via ECF**</u>

The Hon. Lee G. Dunst
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

### Re: Sheny Avila Aleno v. Uncle Giuseppe's Melville, Inc. et al.
### Case No. 2:24-cv-8611-JMA-LGD

Dear Judge Dunst:

We represent the plaintiff, Sheny Avila Aleno ("Plaintiff"), in the above-referenced matter and submit this letter to the Court with the consent of the defendants, Uncle Giuseppe's Mellville, Inc. d/b/a Uncle Giuseppe's Marketplace, Franciso Doe and Peter Doe (collectively, "Defendants") for the Court's review and approval of the settlement agreement recently reached by Plaintiff and Defendants (Plaintiffs and Defendants, collectively, the "Parties") in connection with Plaintiff's Fair Labor Standards Act ("FLSA") claims and related New York Labor Law Claims (the "Settlement Agreement").

The Settlement Agreement, a true copy of which is attached hereto as Exhibit "A", has been agreed upon by the Parties and is in process of being executed. The Parties respectfully submit that the Court should approve the form of Settlement Agreement submitted herewith because the settlement is a fair resolution of Plaintiff's claims asserted in this action, such settlement having been negotiated in good faith by counsel for all parties.

### Background

Plaintiff alleges that she was employed at Defendants' Mellville, New York food market performing packing tasks during the period August 2017 through December 2024. Plaintiff commenced this action on December 17, 2024, alleging, *inter alia*, unpaid overtime wages under the FLSA and similar claims under the New York Labor Law ("NYLL"), as well as claims related to the Defendants' alleged failure to provide Plaintiff wage notices and wage statements required by the NYLL.

In her complaint, Plaintiff alleges that Defendants failed to pay her overtime premium for hours worked in excess of 40 hours during each workweek during her employment. Additionally, Plaintiff asserts that Defendants failed to provide her with the notices or weekly wage statements required by the NYLL. Defendants deny all of Plaintiff's allegations of unpaid overtime wages and wage notice and statement violations made in the Complaint and have produced detailed time and pay records indicating that Plaintiff was in fact paid properly, including overtime premiums, for recorded overtime worked. The Settlement Agreement shall not be interpreted as an admission of liability of any kind whatsoever by Defendants.

### Settlement Agreement

Prior to reaching settlement, the Parties engaged in negotiations and reviewed numerous time and payroll documents maintained by Defendants relating to Plaintiff's employment.

As the Court can see from the Settlement Agreement submitted herewith, the parties have agreed to settle Plaintiff's claims against Defendants for a total of Two-Thousand Five-Hundred Dollars ($2,500.00), inclusive of legal fees and costs. Of that amount, the Plaintiff is to receive approximately $1,300.00, consistent with Plaintiff's counsel's standard retainer agreement which provided for recovery of costs ($555.00 of court filing and service of process costs) before allocating the remaining net settlement proceeds to Plaintiff and her counsel pursuant to a one-third contingency attorneys' fee arrangement. While the final settlement amount of Plaintiff's claims is significantly less than Plaintiff's maximum possible recovery, which would likely have exceeded $60,000 in actual unpaid overtime wages, the parties believe the Settlement Agreement to be a fair resolution of Plaintiff's claims in this matter in light of the likelihood that the comprehensive, detailed time and pay records Defendants' would have presented as evidence at trial would almost certainly have confirmed that Plaintiff was paid properly for the overtime hours recorded during her employment via Defendants' punch-in/punch-out system utilized by Plaintiff.

By settling now, Plaintiff ensures that she will at least receive partial compensation for the alleged unpaid wages she believed she was owed when she commenced this litigation, and that she can do so without having to face further delay and the serious litigation risk present here as well as the generally common uncertainties of trial.

### FLSA Settlement Approval

Judicial approval of a wage and hour settlement brought under the FLSA depends on whether it is fair and reasonable. Courts look to the following factors: "(1) the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). In addition, given the purposes of the FLSA, factors that weigh against approving a settlement also include the following: (1) "the presence

of other employees situated similarly to the claimant"; (2) "a likelihood that the claimant's circumstance will recur"; (3) "a history of FLSA non-compliance by the same employer or others in the same industry or geographic region"; and (4) the desirability of "a mature record" and "a pointed determination of the governing factual or legal issue to further the development of the law either in general or in an industry or in a workplace." *Id*. at 336. (Citations omitted.) Ultimately, the settlement must reflect a fair and reasonable compromise of disputed issues with the principal question being "whether the agreement reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching." *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 366, (S.D.N.Y. 2013)) (citation omitted). "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement." *Zeltser v. Merrill Lynch & Co*., 2014 U.S. Dist. LEXIS 135635, at *16 (S.D.N.Y. Sept. 23, 2014) (citations omitted). Applying these factors, the Parties suggest that they weigh strongly in favor of settlement approval.

This settlement will enable the Parties to avoid the additional burdens and expenses of trial, as well as the litigation risks that always accompany same. Because the Parties engaged in document exchange and significant negotiations, they had sufficient information to assess those risks as to the merits of the claim, as well as the risk that Plaintiff might not recover any damages at all if this lawsuit continued through trial.

Courts consider settlements fair and reasonable when, as is the case here, they consider the potential risks of litigation. *See e.g.*, *Martinez v. Hilton Hotels Corp*., 2013 U.S. Dist. LEXIS 117738, at *9 (S.D.N.Y. Aug. 20, 2013) (Court found settlement reasonable because, *inter alia*, it was a "compromise over contested issues" "in light of the unpredictability of the outcome at trial"); *Garcia v. BAE Cleaners Inc*., 2012 U.S. Dist. LEXIS 51867, at *2 (S.D.N.Y. April 12, 2012) (Court held the settlement fair and reasonable even though the settlement amount was less than the potential liquidated damages awardable under the FLSA because it "reflect[ed] a reasonable compromise over" issues that had been "contested in the litigation"). Accordingly, this factor supports approving the Settlement Agreement as fair and reasonable.

Arm's length bargaining between represented parties weighs in favor of finding a settlement reasonable[1]. *Lliguichuzhca*, 948 F. Supp. 2d at 366; *Zeltser*, 2014 U.S. Dist. LEXIS 135635, at *17. In this case, counsel for Plaintiff are experienced wage-and-hour litigators, and the Parties exchanged multiple demands and offers of settlement with Defendants before settling on the terms of this proposed settlement. Moreover, prior to entering into the Settlement Agreement, Plaintiff thoroughly considered the risks and benefits of continuing the litigation. The Settlement Agreement reflects the conclusion of all parties that the terms reflect a fair and reasonable assessment of their respective risks.

Other factors present do not weigh against a settlement. This matter has not been conditionally certified as a collective action; thus, the settlement of this action will have no impact on any other employees or their rights. Plaintiff is no longer employed by Defendants so there is no likelihood that Plaintiff's circumstances will recur. Additionally, this case presents no novel questions of law that would benefit from extensive litigation.

<u>Attorneys' Fees</u>

Pursuant to counsel's retainer with Plaintiff, we are authorized to retain one-third of the net settlement as our legal fee, which fee amount is $645.00, after recovery of $555.00 in costs incurred.

In total, Plaintiff's counsel expended 11.2 hours in representation of Plaintiff, including hours related to the negotiation and preparation of the settlement agreement and this letter. I am a founding partner of the Samuel Law Firm. I have been admitted to practice law in New York since 1993, and focus my practice almost exclusively on wage-and-hour cases, serving as counsel of record in more than 250 such cases. I am admitted to practice in the Southern and Eastern Districts of New York. My regular hourly rate for matters such as these is $500. My colleague, Andrew Beresin, counsel to the Firm, was admitted to practice in 1992, and has litigated more than 75 such cases during the past five years. His hourly rate is $400. I believe these hourly rates to be commensurate with other practitioners with a similar amount of experience in my locality who represent clients in matters such as this. Attached as Exhibit B is a record of all time spent by Plaintiff's counsel on this matter.

We have a standard retainer agreement with Plaintiff that allows us one-third of any possible net recovery in this case. Based on our firm's experience in handling FLSA matters, the provision of one-third of a settlement is a standard arrangement in this District, and is routinely approved by courts in this Circuit, particularly for attorneys with relevant experience and expertise. *See, e.g.*, *Cortes v. New Creators, Inc.*, 2016 WL 3455383, at \*5 (S.D.N.Y. June 20, 2016) (holding fee award of one-third of settlement "consistent with `contingency fees that are commonly accepted in the Second Circuit in FLSA cases.'" (quoting *Najera v. Royal Bedding Co.*, 2015 WL 3540719, at \*3 (E.D.N.Y. June 3, 2015)); *Mireku v. Red Vision Sys., Inc.*, 2013 U.S. Dist. LEXIS 172102 (S.D.N.Y. Dec. 6, 2013) (finding that where, as here, the fee award is consensual since "Plaintiff has explicitly approved the agreement, including the amount of fees to her counsel" the award should be approved); *Garcia v. Pancho Villa's of Huntington Village, Inc.*, 2012 U.S. Dist. LEXIS 144446, at \*21 (E.D.N.Y. Oct. 4, 2012) (noting that counsel's request for one-third of FLSA clients' recovery is "reasonable and consistent with the norms of class litigation in this circuit"); *see also Porzig v. Dresdner, Kleinwort, Benson, North America LLC*, 497 F.3d 133, 141 n.4 (2d Cir. 2007) ("any attorney's fee ultimately belongs to [plaintiff], the client, and not the attorney," and courts "assume[s] the attorney and client will settle the distribution of the attorney's fees . . . according to their own contract terms, which are beyond the province of this Court") (citations omitted).

<u>Release and Confidentiality</u>

Finally, we point out that, consistent with the Second Circuit's decision in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), the Settlement Agreement does not contain a broad, general release of Plaintiff's claims, instead only a limited scope release of any unpaid wage claims, and only contain limited confidentiality provision that does not prohibit truthful statements about the experience of litigating this matter.

<u>Conclusion</u>

For all of the reasons set forth above, the Parties respectfully request that the Court approve the Settlement Agreement attached hereto and enter the stipulation of dismissal in the form attached as Exhibit "1" thereto. We hope that this letter provides the Court with the information that it needs to assess the fairness of this settlement. The Parties are available at the Court's convenience should the Court have any questions regarding the contents of this letter or if the Court requires any additional information or documentation.

Respectfully submitted,

/s/ *Michael Samuel*
Michael Samuel, Esq.

THE SAMUEL LAW FIRM
*Attorneys for Plaintiff*

Cc: Brian J. Shenker, Esq. (Via ECF)
    *Attorney for Defendants*