**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------ x

SHENY AVILA ALENO,

                Plaintiff,                Case No. 2:24-cv-8611 (JMA)(LGD)

    - against -

UNCLE GIUSEPPE'S MELVILLE, INC. D/B/A
UNCLE GIUSEPPE'S MARKETPLACE, PETER
DOE AND FRANCISCO DOE,

                Defendants.

------------------------------------------------------------------------ x

## SETTLEMENT AGREEMENT AND RELEASE

       This Settlement Agreement and Release (the "Agreement") is entered into by and between SHENY AVILA ALENO ("Plaintiff") and UNCLE GIUSEPPE'S MELVILLE, INC. d/b/a Uncle Giuseppe's Marketplace, Peter Doe and Francisco Doe (collectively, "Defendants"). Plaintiff and Defendants are collectively referred to in this Agreement as the "Parties."

## RECITALS

       **WHEREAS**, on December 17, 2024, Plaintiff, through her counsel, commenced an action against Defendants by filing a complaint (the "Complaint") in the United States District Court, Eastern District of New York (the "Court"), Docket No. 2:24-cv-8611 (the "Action"), alleging, *inter alia*, that she worked for Defendants and that Defendant failed to pay her overtime wages throughout her employment and that she was not provided with accurate wage statements with each payment of wages or with wage notices upon hiring and whenever her rate of pay changed;

       **WHEREAS**, Plaintiff claims that, upon the facts alleged in the Complaint, she is entitled to recover from Defendants unpaid overtime wages, liquidated and statutory damages, pre- and post-judgment interest, and attorneys' fees and costs (collectively, the "Claims") pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and Articles 6 and 19 of the New York Labor Law ("NYLL");

       **WHEREAS**, Defendants deny the allegations asserted by Plaintiff in her Complaint and deny that they have violated any applicable law, rule, regulation or statute;

       **WHEREAS,** the Parties have exchanged information relating to the Claims in this Action, such that they have adequate information to assess the appropriateness of this Agreement and the merits of the Claims and Defendants' defenses;

       **WHEREAS,** the Parties, with counsel, negotiated in good faith and agreed on the key terms of a settlement of the Claims; and

**WHEREAS,** the Parties desire to resolve and settle the Action and the Claims in an amicable manner without the expense of further litigation;

**NOW, THEREFORE,** in consideration of the mutual covenants and promises contained in this Agreement and for other good and valuable consideration, the sufficiency and receipt of which the Parties acknowledge, the Parties agree to the terms below as full and complete settlement of the Action and the Claims, subject to Court approval pursuant to applicable provisions of federal, state, and/or local law:

1.      **Settlement Amount**

In full and final settlement of the Action, and in consideration for the release contained in Section 3 of this Agreement, Defendants, jointly and severally, shall make payment of Two-Thousand Five-Hundred Dollars and Zero Cents ($2,500.00) (the "Settlement Amount") via check payable to THE SAMUEL LAW FIRM, counsel for Plaintiff, and reported on an IRS 1099 Form. The Settlement Amount will be transmitted to THE SAMUEL LAW FIRM within ten (10) days of the Court so-ordering approval of this Settlement Agreement. Plaintiff expressly understands and agrees that she shall be solely responsible for the payment of any and all federal, state and local taxes and withholdings due on the Settlement Amount, together with any interest or penalties imposed thereon

2.      **Non-Payment; Late Payment.**

The Parties consent to the Court's retention of jurisdiction over the Action for the purpose of enforcing the terms of this Agreement.

If Defendants fail to timely make the settlement payment set forth in Paragraph 1 above, or if any the settlement check fails to clear (i.e., bounces) for any reason, Plaintiff shall provide a notice to cure to Defendants' counsel by e-mail or facsimile consistent with Paragraph 13 below. Defendant shall cure the default within ten (10) business days from and including the date on which the notice was sent (the "Cure Period"). If Defendant fails to cure the default within the Cure Period, Plaintiff may: (1) resume prosecuting this case, or (2) apply for a judgment to be entered against the Defendant, for the Settlement Amount minus any payments made.

3.      **Release of Wage and Hour Claims**

In consideration for the promises and actions of Defendant set out in this Agreement, Plaintiff waives, releases, satisfies, and discharges Defendants, including its/their officers, owners, employees, directors, shareholders, members, agents, insurers, representatives, successors, and assigns, of and from the Claims and any and all other unpaid wage claim that was or could have been brought in the Action, including for unpaid salaries, minimum and/or overtime wages, hours worked, spread-of-hours pay, liquidated damages, interest, statutory penalties, attorneys' fees and costs, unlawful deductions, withheld tips, withheld notices, withheld forms, and/or any other benefits, earnings, or back pay of any kind under the FLSA, the NYLL, the WTPA, their respective interpretative and implementing regulations, and any other local, state, or federal statute, code, or ordinance concerning the payment and/or receipt of wages.  This Agreement constitutes a full accord, satisfaction, and settlement of the claims settled, released, and waived in this Section and

further constitutes a sufficient basis for immediate dismissal of such released claims asserted by Plaintiff against Defendant in any future action.

**4.      Stipulation of Dismissal**

Following the execution of this Agreement by each of the Parties, the Parties' attorneys shall present this Agreement to the Court for review and approval.  Counsel for the Parties shall cooperate and take all necessary steps to arrange for the Court's approval of the Agreement and entry of the Order. Upon receipt of payment, the Parties' attorneys shall file the proposed Stipulation and Order of Dismissal with Prejudice (the "Order"), annexed as Exhibit "A," with the Court.

**5.      Non-Admission of Liability**

Defendants do not admit any violation of law or any liability to Plaintiffs as a result of or arising out of the matters set forth in the Complaint in the Action.

**6.      Attorneys' Fees and Costs**

Plaintiff acknowledges that the attorneys' fees and costs, in the total amount of $1,200, to be allocated to her counsel from the Settlement Amount, with $1,300.00 to be allocated to her pursuant to this Agreement, are fair and reasonable and in accordance with the Retainer Agreement executed by the Plaintiff in this case.

**7.      Applicable Law; Forum Selection**

This Agreement shall be governed by and construed in accordance with the laws of the State of New York without reference to its conflicts or choice of law principles.  The Parties consent to the jurisdiction of this Court for any litigation concerning or arising out of the terms of this Agreement or the Parties' performance of its terms.  As part of this Agreement, the Parties jointly request that the Court retain jurisdiction of the Action for the sole purpose of enforcing the terms of this Agreement.

**8.      Signatures in Counterparts**

This Agreement can be executed in any number of counterparts, each of which shall be taken to be one and the same instrument, for the same effect as if all Parties had the same signature page.  A facsimile copy, or Adobe PDF, of any Party's signature shall be deemed as legally binding as the original signatures. Electronic or PDF signatures, including signatures using a program such as DocuSign, are acceptable as physical signatures.

**9.      Voluntary Agreement**

Plaintiff represents and warrants that she has entered into this Agreement of her own free will and accord, not subject to coercion or undue influence.  Plaintiff further represents and warrants that she is satisfied with the legal representation and services received from her attorneys, and believes that the Settlement Amount and its distribution, as set forth in Section 1 above, represents a fair and reasonable compromise of the disputes in the Action.

**10.   Entire Agreement/Successorship**

This Agreement sets forth the entire agreement between the Parties and fully supersedes any and all prior agreements or understandings between the Parties pertaining to the subject matter hereof. This Agreement shall be binding upon and inure to the benefit of the Parties, and their respective successors and assigns or heirs, legatees, beneficiaries, or representatives, as the case may be.

**11.   Severability**

If any provision of this Agreement is held by any court of competent jurisdiction to be illegal or invalid, only that provision shall be rendered illegal and invalid, with the remainder of this Agreement, to extent legal and valid, remaining unaffected.

**12.   Non-Waiver/No Modification**

This Agreement may be amended, revoked, changed, or modified only upon a written agreement executed by all Parties.  No waiver of any provision of this Agreement will be valid unless it is in writing and signed by the Party against whom such waiver is charged.

**13.   Limited Confidentiality**

To the greatest extent permissible under the law, this Agreement and all settlement negotiations among the Parties shall be and remain confidential and the Parties agree to not disclose their contents or their existence, other than to spouses, domestic partners, legal counsel and/or financial advisor(s), unless compelled to do so by law.  Nothing said or disclosed, nor any document produced, in the course of such negotiations which is not otherwise independently discoverable shall be offered or received as evidence or used for impeachment or for any other purpose in any current or future arbitration or litigation.  However nothing herein shall be prohibit or otherwise restrict the parties from making truthful statements about their experience litigating this action.

**14.   Notices**

Any Section of this Agreement that calls for notice to be sent to Plaintiffs or Defendants shall be sent via email using the addresses and contact information below, unless a Party designates another address or different contact information in writing:

If to Plaintiff:

Michael Samuel, Esq.
The Samuel Law Firm
1442 Broadway, Suite 6085
New York, NY 10018
Phone: (212) 563-9884
Fax: (212) 563-9870
michael@thesamuellawfirm.com

If to Defendants, notice to:

Brian J. Shenker, Esq.
Jackson Lewis P.C.
58 South Service Road – Suite 250
Melville, NY 11747
Phone: (631) 247-4671
brian.shenker@jacksonlewis.com

**15.     Reconocimiento en Español (Spanish Acknowledgment):**

El Demandante representa que su idioma materno es el español y que su abogado ha repasado todos los términos de este Acuerdo con él en español. El Demandante ha entendido todos los términos de este Acuerdo y los acepta voluntariamente al firmarlo.  (Plaintiff represents that her primary language is Spanish and that her counsel has reviewed all the terms of this Agreement with her in Spanish. Plaintiff has fully understood all of the terms of this Agreement and voluntarily accept them by signing below).

**16.     Plaintiff understands, represents, and agrees that she:**

a.     **has carefully reviewed and fully understood every provision of this Agreement prior to executing it;**

b.     **is, through this Agreement, releasing Defendants named in this Action from any and all wage and hour claims, including the Claims in the Action, that Plaintiff has or may have against them relating to his employment or his separation from employment with Defendants;**

c.     **and knowingly and voluntarily intends to be legally bound by all of the terms set forth in this Agreement.**

 **Plaintiff**                                                **Defendants**

SHENY AVILA ALENO                    UNCLE GIUSEPPE'S MELVILLE, INC.


_____          By:_____
SHENY AVILA ALENO

Dated:_____          Title:_____

                                        Dated:_____


                                        _____

EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~X
SHENY AVILA ALENO,

         Plaintiff,

                Index No.: 2:24-cv-8611

    - against –

UNCLE GIUSEPPE'S MELVILLE, INC. D/B/A
UNCLE GIUSEPPE'S MARKETPLACE, PETER DOE,
and FRANCISCO DOE,

          Defendants.
~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~X

### STIPULATION AND ORDER OF DISMISSAL WITH PREJUDICE

**WHEREAS,** on December 17, 2024, Plaintiff filed a Complaint, which asserts claims for, *inter alia*, failure to pay overtime wages and liquidated statutory damages under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and/or the New York Labor Law;

**WHEREAS,** the terms of the Agreement, which are incorporated herein by reference, have been reviewed and scrutinized by the Court and are approved and considered a fair and reasonable resolution of, *inter alia*, bona fide disputes over a provision(s) of the FLSA, the New York Labor Law, and/or time worked; and

**WHEREAS,** this Court shall retain jurisdiction to enforce the terms of the Agreement;

**IT IS HEREBY STIPULATED AND AGREED,** by and between the undersigned counsel for the Parties, that this action be hereby dismissed and discontinued in its entirety, with prejudice, including any claim for attorneys fees, pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. A copy of the signatures on this Stipulation serve the same purposes as an original signature.

Dated: New York, New York
April \_\_\_\_, 2026

**THE SAMUEL LAW FIRM**                    **JACKSON LEWIS P.C.**

By:_____          By:_____
  Michael Samuel, Esq.                      Brian J. Shenker, Esq.
  1441 Broadway, Suite 6085                 58 South Service Road – Suite 250
  New York, New York 10018                  Melville, NY 11747
  Tel.: (212) 563-9884                      Tel.: (631) 247-4671
  Fax: (212) 563-9870                       *Attorneys for Defendants*
  *Attorneys for Plaintiff*


                                           SO ORDERED.


                                           _____
                                           Lee G. Dunst, U.S.M.J.


4904-6604-3300, v. 1

8